## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

)
)
UNITED STATES OF AMERICA    )
)    Misc. Action No. 1:07-mc-00561
v.    )
)    (Hon. James Robertson)
DEBORAH JEANE PALFREY    )
)
Defendant.    )    **FILED UNDER SEAL**
)
AMERICAN BROADCASTING    )
COMPANIES, INC. d/b/a ABC NEWS    )
)
Non-Party Movant    )
_____)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY AMERICAN BROADCASTING COMPANIES, INC.'S MOTION TO QUASH SUBPOENA *DUCES TECUM*

Kevin T. Baine (No. 238600)
Kevin Hardy (No. 473941)
Carl R. Metz (No. 490633)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Counsel for Non-Party Movant*
 *American Broadcasting Companies, Inc.*

Henry S. Hoberman
ABC, INC.
77 W. 66th Street
New York, NY  10023
(212) 456-6371
(212) 456-6565 (facsimile)

*Of Counsel*

## INTRODUCTION

In her Opposition to ABC News's Motion to Quash Subpoena ("Opp."),
Defendant Deborah Jeane Palfrey chooses not to explain how her subpoena complies with the
standards of *United States v. Nixon*, 418 U.S. 673 (1974), arguing instead that Judge Kessler's
November 13, 2007 Order authorizing the subpoena is "law of the case" and not subject to
challenge. Opp. at 2-3. Ms. Palfrey's argument has no basis in the Federal Rules, and misstates
both the nature of her *ex parte* application for issuance of subpoenas as well as Judge Kessler's
November 13 Order. By avoiding the central issues in this motion to quash, Ms. Palfrey only
underscores her inability to defend the subpoena on its own merits.

Ms. Palfrey's responses to ABC News's First Amendment arguments are equally
unavailing. She dismisses the intrusion upon ABC News's editorial processes as a mere
"ethereal 'burden,'" Opp. at 6, but offers no response to the decisions of this Court and others
recognizing the very real and substantial burden that her subpoena would impose. And, contrary
to her suggestion that "the Sixth Amendment . . . overrides the First Amendment's guarantee of
freedom of the press," *id.* at 6-7, the law is clear that ABC News's qualified privilege not to
disclose unpublished news information is fully-applicable to this criminal case and can only be
overcome on a particularized showing that Ms. Palfrey has not made.

For all of these reasons, the subpoena to ABC News must be quashed.

## I.     THE SUBPOENA TO ABC NEWS VIOLATES RULE 17(C).

Ms. Palfrey apparently concedes that to satisfy Rule 17(c) she must demonstrate
that her subpoena seeks documents that are both relevant <u>and</u> admissible as evidence, *see* Opp.
at 2, but she fails to explain how her subpoena could possibly meet that standard. As ABC News
explained in its opening brief, the subpoena is directed at acquiring plainly inadmissible material:
a list of names reflecting persons believed to be Ms. Palfrey's former clients, compiled by ABC

News as part of its newsgathering process. *See* Mot. to Quash, at 6-10. Such a document would never be admissible in its own right, and would at best lead Ms. Palfrey to identify potential witnesses. That, in fact, is what Ms. Palfrey openly admits she is seeking[1]—precisely the sort of discovery Rule 17(c) is designed to prohibit. *See, e.g., United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Reyes*, 239 F.R.D. 591, 600 (N.D. Cal. 2006). Ms. Palfrey's only responsive argument—that this issue has already been decided in her favor and is law of the case—is unavailing.

### A.    Ms. Palfrey's Reliance on the "Law of the Case" Doctrine is Misplaced.

As an initial matter, even if the *Nixon* issues raised in ABC News's motion had previously been decided by Judge Kessler—and they have not been—the law of the case doctrine would still be irrelevant to this motion. The Federal Rules expressly contemplate the issuance of consecutive orders first authorizing a Rule 17(c) subpoena made returnable before trial and then quashing it for good cause shown. *See* Fed. R. Crim. P. 17(c)(1), (2). Courts *routinely* scrutinize previously-authorized subpoenas for compliance with the *Nixon* standards, and quash them when they are found wanting. *See, e.g., United States v. Libby*, 432 F. Supp. 2d 26, 32 (D.D.C. 2006) ("Generally, courts assess compliance with the *Nixon* standard based solely on the content of the subpoena itself, *coupled with the papers submitted by the parties in connection with a motion to quash*[.]") (emphasis added); *see also id.* at 31 ("A subpoena that fails to satisfy these three requirements [from *Nixon*] will be deemed unreasonable or oppressive and must be either quashed or modified."). Ms. Palfrey's suggestion that the "law of the case" doctrine somehow prohibits such review, Opp. at 2, or makes it "unseemly," *id.* at 3, is unfounded. "Interlocutory

---

[1]    *See* Opp. at 8 ("[T]he Defendant will not get a fair trail absent her ability to compel testimony from the [individuals] that ABC News was able to identify."); *id.* at 9 (arguing that "*[t]hose witnesses* will present evidence" exculpatory to the defense) (emphasis added).

orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment." *Langevine v. District of Columbia*, 106 F.3d 1018, 1023 (D.C. Cir. 1997).  The November 13 Order is not "law of the case," and it is entirely appropriate for this Court to consider whether the subpoenas that Order authorized comply with Rule 17(c).

### B.     The Subpoena Seeks Inadmissible Hearsay, In Violation of Rule 17(c).

As for the substance of Ms. Palfrey's claim that she previously satisfied the *Nixon* standards, that too is incorrect.  Exaggerating more than a little, Ms. Palfrey even contends that she previously "*proffered evidence* sufficient to" make the necessary showing.  *Id.* at 2 (emphasis added).  She declines to tell ABC News or the Court, however, what this "proffered evidence" was.   Her *ex parte* application barely paid lip service to her burden under Rule 17(c).  It only reinforces the conclusion that the subpoena is intended not to obtain admissible evidence, but to engage in improper discovery to identify potential witnesses.

As relevant here, Ms. Palfrey's *ex parte* application addressed Rule 17(c) in two places.  First, regarding all of her proposed subpoenas generally, she stated:

> Defendant recognizes that the standard for securing pretrial document production under Federal Rule of Criminal Procedure 17(c) is that the information is relevant, admissible, and specific. *Defendant's counsel represents to this Court that the documents sought below meet this standard*.  Accordingly, Defendant asks the following subpoenas be issued by the Clerk and served by the Marshall's Service with costs and fees prepaid.

Ex. 6 (excerpt of *ex parte* application, at 2-3) (emphasis added) (citations omitted).   Later, in reference to the subpoenas sought for ABC News and another organization, she added:

> Defendant asks that the subpoenas attached to the Proposed Order in this matter be issued for the records of ABC News and Larry Flynt Productions, Inc. as both of these entities have publically acknowledge [sic] that they have identified numerous customers of Defendant's escort service through the publically-released [sic] telephone records of the service.  *This request is relevant, admissible, and specific as those identified individuals are clients*

3

> *of the service who can testify* – as Randall Tobias as publically
> [sic] stated – that there was no illegal sexual relations between the
> customers and the escorts of Defendant's service.

*Id.* at 7 (emphasis added).

These arguments cannot satisfy Rule 17(c)'s "exacting standards." *United States v. Dixon*, 486 F. Supp. 2d 40, 43 (D.D.C. 2007) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 386 (2004)). The first passage is nothing more than counsel's unsupported "represent[ation]" that Ms. Palfrey's subpoena complies with Rule 17(c). While that may have been enough to justify issuing a subpoena in the first instance, it is hardly a basis for denying a motion to quash premised upon specific and identified defects in the subpoena. The second passage only reinforces the conclusion that the purpose of the subpoena is *not* to obtain admissible evidence from ABC News, but to obtain discovery that Ms. Palfrey hopes will ultimately lead to the identification of defense witnesses. That is precisely the sort of discovery Rule 17(c) prohibits, no matter how much Ms. Palfrey might desire it. *See Reyes*, 239 F.R.D. at 600-01 ("A document does not become admissible simply because it is helpful. . . . Because [the defendant] cannot demonstrate that the items he seeks are themselves admissible, the putatively heavy burden he faces in obtaining the information contained in them does not save his subpoenas"); *see also Cherry*, 876 F. Supp. at 552 (same) (collecting cases).

Because Ms. Palfrey has offered no argument at all concerning the admissibility of ABC News's records, the subpoena to ABC News must be quashed on that basis alone.

## C.  The Records Ms. Palfrey is Seeking Are Available Through the Exercise of Due Diligence.

Ms. Palfrey's Opposition also fails to demonstrate the unavailability of the records she is seeking through the exercise of due diligence—part of her burden in defending the subpoena. *See United States v. Haldeman*, 559 F.2d 31, 76 (D.C. Cir. 1976); *United States v.*

*Poindexter*, 727 F. Supp. 1501, 1509 (D.D.C. 1989). In an attempt to make that showing, Ms. Palfrey "emphatically states that to date she has not been able to identify the 'career Justice Department prosecutor, . . . NASA officials [and] at least five military officers, including the commander of an Air Force intelligence squadron, . . . [owners of] Georgetown mansions and prominent CEOs, officials at the World Bank and the International Monetary Fund and lobbyists both Republican and Democratic' that ABC News was able to identify. Her due diligence in this regard has been complete, including the efforts of other." Opp. at 5 (alterations in original).

Ms. Palfrey is asking the Court to take this claim on faith, without so much as a description of the "complete" due diligence she claims to have performed. The burden of proving compliance with *Nixon* falls on Ms. Palfrey. *Dixon*, 486 F.Supp.2d at 43. Ms. Palfrey has had month after month in which to review the same telephone records that ABC News reviewed. If the best she can do after all that time is to assert vaguely that she conducted "due diligence," without describing those efforts in any way, the motion to quash should be granted. Rule 17(c) does not allow Ms. Palfrey to shirk her own obligations and prepare a defense by appropriating the fruits of journalists' newsgathering efforts.[2]

Moreover, even if Ms. Palfrey has not been able to identify the specific individuals alluded to in the May 4, 2007 episode of "20/20," she does not deny that within weeks of making the records public she was able to identify at least a *dozen* other former clients. *See* Mot. to Quash at Ex. 3. Ms. Palfrey provides no explanation for why those dozen witnesses will not suit her purposes. For this reason as well, her subpoena should be quashed.

---

[2]    Although Ms. Palfrey does not describe her "due diligence," she suggests in a footnote that the only effort she has made is to dial a phone number contained in her records and ask whoever answers whether that person was once a client of Pamela Martin & Associates. *See* Opp. at 6 n.1; *see also* Sibley Dec. ¶ 4. If that is all Ms. Palfrey has done, it is not enough. Numerous public resources—from Google to reverse telephone directories—could be used to identify the telephone numbers in her records.

## II.    THE FIRST AMENDMENT IS NOT AN "ETHEREAL" RIGHT.

Ms. Palfrey suggests that the intrusion her subpoena would cause to ABC News's editorial processes is not a burden worth taking seriously.  Opp. at 6.  Indeed, according to her, any such intrusion is an "ethereal" one invented by ABC News, and not a "[p]ractical [b]urden to [c]ompliance."  *Id.*  The courts disagree:

> In balancing a litigant's right to compel discovery against a
> newsman's assertion that discovery will intrude upon protected
> first amendment rights, a court must not only weigh the litigant's
> need for discovery, but also must carefully consider the seriousness
> of the intrusion on the editorial and news gathering processes.

*Tavoulareas v. Piro,* 93 F.R.D. 35, 41 (D.D.C. 1981); *accord*, *Gonzales v. Nat'l Broad. Co.*, 194 F.3d 29, 35 (2d Cir. 1999) ("[P]ermitting litigants unrestricted, court-enforced access to journalistic resources would risk the symbolic harm of making journalists appear to be an investigative arm of the judicial system, the government, or private parties." ); *United States v. LaRouche*, 841 F.2d 1176, 1182 (1st Cir. 1988) (finding "a lurking and subtle threat to journalists and their employers if disclosure of outtakes, notes, and other unused information, even if nonconfidential, becomes routine and casually, if not cavalierly, compelled.").  As these courts recognize (even if Ms. Palfrey does not), subpoenas like the one to ABC News necessarily intrude upon an editorial process that is at the core of a well-functioning press.  Courts regularly quash subpoenas imposing such a burden, particularly where, as here, the defendant's reasons for issuing the subpoena are speculative and conjectural.  *See also* Mot. to Quash at 11-13 (citing additional authority).

These principles were recently applied by the United States District Court for the Eastern District of Michigan to quash a discovery request seeking a reporter's e-mails, notwithstanding the absence of a formal privilege.  *See Omokehinde v. Detroit Bd. of Educ.*, No. 06-15241, 2007 WL 4357794 (E.D. Mich. Dec. 13, 2007).  As the court explained:

> Given the important role that news gathering plays in a free
> society, courts must be vigilant against attempts by civil litigants
> to turn non-party journalists or newspapers into their private
> discovery agents. . . .
>
> If the parties to any lawsuit were free to subpoena the press at
> will, it would likely become standard operating procedure for
> those litigating against an entity that had been the subject of press
> attention to sift through the press files in search of information
> supporting their claims.  The resulting wholesale exposure of
> press files to litigant scrutiny would burden the press with heavy
> costs of subpoena compliance, and could otherwise impair its
> ability to perform its duties. . . .

*Id.* at *4 (quoting *In re DaimlerChrysler AG Sec. Litig.*, 216 F.R.D. 395 (E.D. Mich. 2003)).[3]

For the same reasons, Ms. Palfrey's subpoena to ABC News is burdensome and must be quashed.

---

[3]    The *Omokehinde* court's warning that subpoenas to the press could become "standard operating procedure," *id.*, is well-illustrated by this case.  This is Ms. Palfrey's *fourth* attempt to subpoena ABC News and/or Brian Ross for information concerning the editorial judgments reflected in the May 4, 2007 broadcast of "20/20."  First, in September 2007, Ms. Palfrey asked this Court for permission to serve a subpoena upon Mr. Ross, claiming that his testimony was needed to support her "political prosecution" theory of defense.  *See* First Omnibus Mot., *United States v. Palfrey*, No. 1:07-cr-00046-JR (Sept. 19, 2007) [Dkt. # 106].  Ms. Palfrey sought Mr. Ross's testimony to establish whether "political pressure was placed on ABC News to 'bury' [the] names" identified from her phone records.  *Id.* at 25-26.  (Undersigned counsel informed Ms. Palfrey's counsel that this conspiracy theory was untrue and irrelevant to her defense in any event).  This Court denied Ms. Palfrey's request to subpoena ABC News, finding the "political prosecution" defense to be legally baseless.  *See* Order (Oct. 18, 2007) [Dkt. # 136].

During the pendency of that motion, Ms. Palfrey also issued a subpoena to Mr. Ross under the guise of taking discovery in the related civil-forfeiture proceeding.  Ex. 7.  (Although discovery in the civil case had been stayed, and is now stayed again, Ms. Palfrey took advantage of a temporary lapse in the stay to issue her subpoena).  That subpoena was likewise intended to compel Mr. Ross to testify about supposed "political pressure" levied against ABC News.  Ms. Palfrey eventually withdrew that subpoena, but soon replaced it with another addressed to ABC News, Ex. 8, and eventually with a motion to have ABC News held in contempt,  Ex. 9.  (The contempt application was withdrawn soon after it was explained to Ms. Palfrey that ABC News's written objections were a sufficient response under the Federal Rules.  *See* Exs. 10, 11).

III.    <u>__MS. PALFREY HAS NOT OVERCOME ABC NEWS'S PRIVILEGE__</u>.

Ms. Palfrey does not dispute that documents prepared by ABC News in the course of gathering and reporting the news are ordinarily subject to a First Amendment privilege.  But she argues that "the Sixth Amendment right to compel witness [sic] – and their documents – overrides the First Amendment's guarantee of freedom of the press."  Opp. at 6.  As we understand the argument, Ms. Palfrey's position is that ABC News's First Amendment privilege is inapplicable in a criminal setting—or that it is necessarily trumped when the defendant seeks to compel witnesses or documents.

The argument is directly contrary to the controlling law of this Circuit.  As Ms. Palfrey acknowledges, Opp. at 7-8, the D.C. Circuit has applied the privilege in a criminal setting to bar similar discovery efforts by a defendant. *See United States v. Ahn*, 231 F.3d 26, 37 (D.C. Cir. 2000).  So too have numerous other courts, notwithstanding Ms. Palfrey's inaccurate suggestion that *Ahn* is one of only two cases to have done so in the criminal setting.  *Compare*, Opp. at 7, *with* Mot. to Quash at 16-17 (citing *United States v. Burke,* 700 F.2d  70, 77 (2d Cir. 1983) (applying privilege in criminal case); *United States v. Cuthbertson*, 630 F.2d 139, 147 (3d Cir. 1980) (same); *United States v. Caporale*, 806 F.2d 1487, 1504 (11th Cir. 1986) (same); *United States v. Hubbard*, 493 F. Supp. 202, 205 (D.D.C. 1979) (same)).[4]  Nor is Ms. Palfrey correct that this Court can disregard the holdings of civil cases recognizing the privilege.  There is "no legally-principled reason for drawing a distinction between civil and criminal cases when considering whether the reporter's interest in confidentiality should yield to the moving party's need for probative evidence."  *Burke*, 700 F.2d  at 77.

---

[4]    *See also United States v. Orsini*, 424 F. Supp. 229 (E.D.N.Y. 1976) (same), *aff'd sub nom.,* 559 F.2d 1206 (2d Cir.); *United States v. Pretzinger,* 542 F2d 517 (9th Cir. 1976); *United States v. Lopez*, No. 86-cr-513, 1987 WL 26051 (N.D. Ill. Nov. 30, 1987).

ABC News's privilege is not overcome by Ms. Palfrey's bald and unsupported assertion that she "will not get a fair trail absent her ability to compel testimony from [the specific individuals] that ABC News was able to identify." Opp. at 8. The privilege requires her to make a "clear and specific showing" that the information she seeks is: "[1] highly material and relevant, [2] necessary or critical to the maintenance of [her defense], and [3] not obtainable from other available sources." *In re Petroleum Prods. Antitrust Litig.,* 680 F.2d 5, 7 (2d Cir. 1982); *see also Ahn*, 231 F.3d at 37; *Zerilli v. Smith*, 656 F.2d 705, 713 (D.C. Cir. 1981); *Lee v. Dep't of Justice*, 413 F.3d 53, 59 (D.C. Cir. 2005).

Ms. Palfrey has not made these showings. First, she has not shown that the information in ABC News's possession "goes to the heart of the matter." *Zerilli*, 656 F.2d at 713. In the context of addressing the reporter's privilege, Ms. Palfrey argues that the witnesses she might hope to identify through ABC News's records

> will present evidence not only of the legitimate behavior of the independent contractor escorts of the Defendant's escort service, but importantly, support the Defendant's arguments that: (i) the prosecution of her is based upon improper, constitutionally-impermissible political reasons and (ii) that significant national intelligence matters were involved in the operation of the Defendant escort service and that the government is now estopped from prosecuting the Defendant after receiving years of intelligence benefits from the operation of her service.

Opp. at 9. The first of these claims—that witnesses will testify about the "legitimate behavior of the independent contractor escorts"—is conjectural. Ms. Palfrey has no reasonable basis for predicting the content of unidentified witnesses' testimony, and it is just as likely that their testimony would be inculpatory as exculpatory. But even assuming the accuracy of Ms. Palfrey's assertion, such witnesses would still be at the periphery of the case. No individual client could testify to the full range of behavior engaged in by Ms. Palfrey's escorts. Even if *that client* participated in no illegalities, other clients may have. The only witnesses who can testify

to the full range of conduct at the escort service are the escorts themselves, who are already known to Ms. Palfrey or otherwise identifiable through her business records.  Moreover, to whatever extent Ms. Palfrey does need the testimony of individual clients, she has by her own estimates already identified a dozen who could testify on her behalf, *see* Mot. to Quash at Ex. 3, making additional names merely cumulative.

Ms. Palfrey's second and third attempts to place this discovery "at the heart" of her case—respectively, that she is being prosecuted for "constitutionally-impermissible political reasons" and that the government is "estopped from prosecuting [her] after receiving years of intelligence benefits from the operation of her service"—barely merit a response.  This Court has already determined that Ms. Palfrey will not be allowed to present a "political prosecution" defense.  *See* Order (Oct. 18, 2007) [Dkt. # 136].  The proposed estoppel defense based on "significant national intelligence matters" is novel, to say the least, but perhaps more at home in the work of Tom Clancy than in a legal document.  Even if Ms. Palfrey had the right to present such a defense, she has offered no evidence to suggest that it is remotely plausible factually.  These conspiracy theories do not place ABC News's records "at the heart" of this case.  *Zerilli*, 656 F.2d at 713.

Ms. Palfrey has similarly failed her burden of proving that she has "exhausted every reasonable alternative source of information." *Id.*; *see also* Mot. to Quash at 18-20 (collecting cases).  She claims that "[h]er due diligence in this regard has been complete, including the efforts of other [sic]."  Opp. at 5.  As noted above, however, Ms. Palfrey says nothing specific about the efforts she claims to have undertaken as part of this "complete" due diligence.  Her counsel's vague allusions to having called individual cell phone numbers hardly qualify as the "clear and specific showing" of exhaustion that the law requires.  *Petroleum Prods. Antitrust Litig.,* 680 F.2d at 7.

## CONCLUSION

For these reasons, and the reasons stated in ABC News's opening memorandum of law, Ms. Palfrey's subpoena to ABC News should be quashed.

Respectfully submitted,

WILLIAMS & CONNOLLY LLP


_____/s/_____
Kevin T. Baine (No. 238600)
Kevin Hardy (No. 473941)
Carl R. Metz (No. 490633)

725 Twelfth Street, N.W.
Washington, DC  20005
(202) 434-5000
(202) 434-5029 (facsimile)

*Attorneys for Non-Party Movant*
  *American Broadcasting Companies, Inc.*

Henry S. Hoberman
ABC, INC.
77 W. 66th Street
New York, NY  10023
(212) 456-6371
(212) 456-6565 (facsimile)

*Of Counsel*


January 11, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of January, 2008, copies of the foregoing

REPLY MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY AMERICAN

BROADCASTING COMPANIES, INC.'S MOTION TO QUASH SUBPOENA DUCES

TECUM were served by First Class Mail and e-mail upon the Defendant, Deborah Jeane Palfrey,

through her counsel of record at the following address:

>Montgomery Blair Sibley, Esq.
>Law Offices of Montgomery Blair Sibley
>1629 K Street, Suite 300
>Washington, D.C. 20006
>mbsibley@civilforfeiture.com

_____/s/_____
Carl R. Metz

# EXHIBIT 6

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

          PLAINTIFF,

VS.

DEBORAH JEANE PALFREY,

          DEFENDANT.

_____/

CRIMINAL CASE NUMBER: 07-046-GK

DEFENDANT'S *Ex Parte* APPLICATION FOR
ISSUANCE OF SUBPOENAS AND PAYMENT
OF COSTS AND FEES

Defendant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to the Due Process Clause of the Fifth Amendment, the Compulsory Process Clause of the Sixth Amendment, and Federal Rules of Criminal Procedure Rule 17(b), hereby applies *ex parte* for an order issuing subpoenas *duces tecum* for the documents described below, and, due to her indigent status, ordering that costs incurred by the process and the fees of the witnesses so subpoenaed shall be paid in the same manner in which similar costs and fees are paid for a witness subpoenaed on behalf of the government.

I.    MOTION TO PERMIT *EX PARTE* DEPOSITION SUBPOENAS *DUCES TECUM*

Federal Rules of Criminal Procedure, Rule 17(c) "Producing Documents and Objects" permits the Court to order a witness to "produce the designated items in court <u>before</u> trial or before they are to be offered in evidence." The Rule then grants discretion in the Court to "permit the parties and their attorneys to inspect all or part of them."

Defendant's request is that three-fold. First, that the Court permit issuance of deposition subpoenas *duces tecum* for documents <u>only</u> to be returned on or before **November 15, 2007**. This early date is necessary as the bulk of the defense will be the testimony of clients of the service who

1

have yet to be identified. That identification will be a two-tier process of (i) obtaining the contact information from the Verizon and the cellular telephone companies and (ii) matching that information with the telephone numbers of the escort service. Plainly, if Defendant must wait until trial, that process will result in her not having time to identify, contact and subpoena those witnesses for trial.

Second, Defendant requests that the return location not be the Courthouse, but Defendant's undersigned counsel's office in the District of Columbia. Rule 17(f)(2)[1] "Place" permits the Court to designate where the evidence is to be produced. Here, allowing production – even for out-of-state witnesses – by mail to Defendant's counsel address significantly advances the convenience of the Defendant who otherwise would be required to constantly repair to the Court to collect the documents.

Third, in order to maintain the confidentiality of Defendant's trial preparation, Defendant requests the Court to keep confidential this requests herein and deny to the government the right to review the documents subpoenaed by Defendant it otherwise possesses under Rule 17. Otherwise, Defendant's trial strategy will be laid bare to the government. In so much as this Court has recognized the inappropriateness of allowing the Defendant to "preview the government's theories or evidence", [D.E. #89, p. 35], the same respect should be accorded to the Defendant's theories or evidence.

## II.    DEFENDANT'S SUBPOENA REQUEST ARE RELEVANT, ADMISSIBLE, AND SPECIFIC

Defendant recognizes that the standard for securing pretrial document production under

---

[1]    "After considering the convenience of the witness and the parties, the court may order-and the subpoena may require-the witness to appear anywhere the court designates."

2

Federal Rule of Criminal Procedure 17(c) is that the information is relevant, admissible, and specific. *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006) (adopting the standard set out by *United States v. Nixon*, 418 U.S. 683, 700 (1974)). Defendant's counsel represents to this Court that the documents sought below meet this standard. Accordingly, Defendant asks the following subpoenas be issued by the Clerk and served by the Marshall's Service with costs and fees prepaid.

**REDACTED**

**REDACTED**

**D.    ABC NEWS AND LARRY FLYNT PRODUCTIONS, INC.**

Defendant asks that the subpoenas attached to the Proposed Order in this matter be issued

for the records of ABC News and Larry Flynt Productions, Inc. as both of these entities have

publically acknowledge that they have identified numerous customers of Defendant's escort service

through the publically-released telephone records of the service. This request is relevant, admissible,

and specific as those identified individuals are clients of the service who can testify – as Randall

Tobias as publically stated – that there was no illegal sexual relations between the customers and the

escorts of Defendant's service.

The Court should note that these subpoenas need to be issued by the Clerks of the respective

District Courts where these deponents reside and the attached subpoenas are so drafted.

**REDACTED**

7

# EXHIBIT 7

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

PLAINTIFF,

CASE NO.:1:06-CV-01710-GK

vs.

**SUBPOENA DUCES TECUM**

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 *ET AL.*,

DEFENDANTS.

_____/

To:    Brian Ross
       ABC News
       7 WEST 66th Street
       New York, NY 10023

**YOU ARE COMMANDED** to appear at US Legal Support Inc.,1 Penn Plaza, 34th between 7th & 8th Avenue, Suite 1410, New York, NY, 10119 (212) 227-9490; (212-759-6155 Fax) on **Friday, October 5, 2007 at 11:00 a.m.,** before a person authorized by law to take depositions, for the taking of your deposition in this action pending in the United States District Court for the District of Columbia.

**YOU ARE ALSO COMMANDED** to produce and permit inspection and copying of the following documents:

1.    Copies of all documents related to your May 4, 2007 broadcast related to Jeane Palfrey, including, without limitations, the identity and contact information for each person identified in the telephone records provided by Jeane Palfrey.

**PURSUANT TO RULE 45(C), FEDERAL RULES OF CIVIL PROCEDURE:**

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it (I) fails to allow reasonable time for compliance, (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.  (B) If a subpoena (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

PURSUANT TO RULE 45(D), FEDERAL RULES OF CIVIL PROCEDURE:

(1) a person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

Empire Process Service, Inc.
2920 Avenue R, Suite 311
Brooklyn, NY 11229
Tel.: (718) 449-5300

CASE # 803 CAPITOL STREET

Witness Fee $20.00

UNITED STATES DISTRICT COURT FOR THE

**INDEX NO.:** 1:06-CV-01710

DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

*Plaintiff(s)*

against

803 CAPITOL STREET VALLEJO, CALIFORNIA 94590 ET *Defendant(s)*
AL .,

}

**AFFIDAVIT
OF
SERVICE**

STATE OF NEW YORK, COUNTY OF KINGS                    ss.:

BRUCE ANGLIN being duly sworn, deposes and says: that deponent is not a party
to this action, is over 18 years of age and resides in    The State of New York
That on 09/25/07   2:30 PM at ABC NEWS 60 WEST 67TH STREET NEW YORK, NY 10023     on
deponent served the within   SUBPOENA DUCES TECUM
BRIAN ROSS
defendant therein named,

**INDIVIDUAL** ☐
by delivering thereat a true copy of each to said defendant personally; deponent knew said person so served to be the person described as said defendant therein. (S)He identified (her) himself as such.

**CORPORATION** ☐
, by delivering thereat a true copy of each to
personally; deponent knew said                                  so served to be the                          described as the named
defendant and knew said individual to be the                              thereof.

**SUITABLE AGE PERSON** ☒
by delivering thereat a true copy of each to          SANDY JONES CO-WORKER/AUTH.
a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant's
actual place of business                      and the reply was affirmative.

**AFFIXING TO DOOR, ETC.** ☐
by affixing a true copy of each to the door of said premises, which is defendant's
within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion thereat, having verified
defendant's                                                          with
and having called there on

**MAILING** ☒
Mailed on 09/26/07 BY FIRST CLASS MAIL
MAILED IN AN ENVELOPE MARKED PERSONAL & CONFIDENTIAL
On   09/26/07          deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to defendant at defendant's
actual place of business at ABC NEWS 60 WEST 67TH STREET NEW YORK, NY 10023
and deposited said wrapper in a post office of the United States Postal Service within New York State.

**DESCRIPTION**
Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

| Sex | Skin Color | Hair Color | Age (Approx.) | Height (Approx.) | Weight (Approx.) |
|---|---|---|---|---|---|
| FEMALE | BLACK | BLACK | 30 | 5´5 | 150 |

**USE IN NYC CIVIL CT.**
Other identifying features:   GLASSES

The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons(es).

**MILITARY SERVICE** ☒
I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply.
The source of my information and the grounds of my belief are the conversations and observations above narrated.
Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or Federal statutes.

SWORN TO BEFORE ME ON    09/26/07

TARA M. MAROLLA
NOTARY PUBLIC, State of New York
No. 01MA5035821
Qualified in Richmond County
Commission Expires November 14, 2011

BRUCE ANGLIN
NOTARY PUBLIC, State of New York
No. 01AN4988753
Qualified in Kings County
Commission Expires November 18, ____

BRUCE ANGLIN

822780

LICENSE NO. _____

# EXHIBIT 8

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 *ET AL.*,

                    DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK
S.D.N.Y. Case No: M8-85

**SUBPOENA DUCES TECUM WITHOUT
DEPOSITION**

To:    Record Custodian
       ABC News
       7 WEST 66th Street
       New York, NY 10023

**YOU ARE COMMANDED** to appear at US Legal Support Inc.,1 Penn Plaza, 34th between 7th &
8th Avenue, Suite 1410, New York, NY, 10119 (212) 227-9490; (212-759-6155 Fax) on **Monday,
October 29, 2007 at 10:00 a.m.,** before a person authorized by law to take depositions, for the
taking of your deposition in this action pending in the United States District Court for the District
of Columbia.

**YOU ARE ALSO COMMANDED** to produce and permit inspection and copying of the following
documents:

   1.    Copies of all documents which indicate the home address of Brian
         Ross.

These items will be inspected and may be copied at that time. You will not be required to surrender
the original items. **You may comply with this subpoena by providing legible copies of the items
to be produced to the attorney whose name appears on this subpoena on or before the
scheduled date of production.** You may condition the preparation of the copies upon the payment
in advance of the reasonable cost of preparation. **You may mail or deliver the copies to the
attorney whose name appears on this subpoena and thereby eliminate your appearance at the
time and place specified above.**

THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.

-7-

PURSUANT TO RULE 45(C), FEDERAL RULES OF CIVIL PROCEDURE:

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial. (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A)  On timely motion the court by which a subpoena was issued shall quash or modify the subpoena if it (I) fails to allow reasonable time for compliance, (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden.  (B) If a subpoena (I) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or (iii) requires a person who is not a party or an officer of an party to incur substantial expense to travel more than 100 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

PURSUANT TO RULE 45(D), FEDERAL RULES OF CIVIL PROCEDURE:

-8-

(1) a person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand. (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

Dated:  October 31, 2007

> MONTGOMERY BLAIR SIBLEY
> CENTER FOR FORFEITURE LAW
> 50 West Montgomery Avenue, Suite B-4
> Rockville,  MD 20850-4216
> Voice/Fax:      (202) 478-0371
> E-mail:          mbsibley@civilforfeiture.com
>
>
> By: _____
> Montgomery Blair Sibley as an Officer of the
> United States District Court for the Southern
> District of New York
> S.D.N.Y. Bar #: ms3147

# EXHIBIT 9

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               PLAINTIFF,

VS.

803 CAPITOL STREET VALLEJO, CALIFORNIA
94590 *ET AL.*,

               DEFENDANTS.
_____/

CASE NO.:1:06-CV-01710-GK
S.D.N.Y. Case No: M8-85

**MOTION FOR CONTEMPT**

Claimant, Deborah Jeane Palfrey, by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure, Rules 26, 37 and 45, hereby respectfully moves this Court for an order of Contempt, and for grounds in support thereof states:

**I.    BACKGROUND**

The above captioned matter is pending in the U.S. District Court for District of Columbia and is a civil forfeiture matter. Claimant sought discovery of three individual in New York City pursuant to that case. Accordingly, Claimant issued subpoenas and had them served as detailed below.

**II.    ABC NEWS/BRIAN ROSS**

On September 25, 2007, Claimant had served a subpoena duces tecum on Brian Ross of ABC News. A copy of that subpoena and the affidavit of service is attached. Counsel for Mr. Ross objected on procedural and substantive grounds, including the failure to properly serve Mr. Ross.

Thereafter, on October 12, 2007, Claimant served a second subpoena duces tecum on ABC News seeking the home address of Brian Ross so that service of the first subpoena could be properly affected as Mr. Ross was avoiding personal service through the action of ABC News' praetorian guards. A copy of that subpoena and the affidavit of service is attached

ABC News failed appear pursuant to the subpoena or move for a protective order.

**III.    THE NEW YORK POST/CINDY ADAMS**

On September 25, 2007, Claimant had served a subpoena duces tecum on Cindy Adams of the New York Post. A copy of that subpoena and the affidavit of service is attached. Counsel for Ms. Adams objected on procedural and substantive grounds, including the failure to properly serve Ms. Adams.

Thereafter, on October 12, 2007, Claimant served a second subpoena duces tecum on the New York Post seeking the home address of Cindy Adams so that service of the first subpoena could be properly affected as Ms. Adams was avoiding personal service through the action of the New York Post's praetorian guards. A copy of that subpoena and the affidavit of service is attached

The New York Post failed appear pursuant to the subpoena or move for a protective order.

**IV.    THE SMOKING GUN/WILLIAM BASTONE**

On September 26, 2007, Claimant had served a subpoena duces tecum on William Bastone of the Smoking Gun. A copy of that subpoena and the affidavit of service is attached. Counsel for Mr. Bastone objected on procedural and substantive grounds, including the failure to properly serve Mr. Bastone.

Thereafter, on October 19, 2007, Claimant served a second subpoena duces tecum on the Smoking Gun seeking the home address of Mr. Bastone so that service of the first subpoena could be properly affected as Mr. Bastone was avoiding personal service through the action of the Smoking Gun's praetorian guards. A copy of that subpoena and the affidavit of service is attached

The Smoking Gun failed appear pursuant to the subpoena or move for a protective order.

**V.    CONCLUSION**

Federal Rules of Civil Procedure, Rule 45(e) "Contempt" stated "Failure of any person

without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of

the court from which the subpoena issued."

Here, there was proper service and there has been a failure to obey the subpoenas.

Wherefore, Claimant requests that the Court hold ABC News, the New York Post and the

Smoking Gun in contempt of court, award reasonable attorneys for the cost of making this motion

and direct those entities to comply with the Court's subpoenas.

### CERTIFICATE OF CONSULTATION AND SERVICE

I hereby certify that (i) I have in good faith conferred with the attorneys for ABC News, the
New York Post and the Smoking Gun , the parties failing respond to the subpoenas in an effort to
secure the information or material without court action without success and (ii) a true and accurate
copy of the foregoing was served by U.S. First Class Mail this October 31, 2007, upon:

Elizabeth A. McNamara
Counsel for the Smoking Gun
Davis Wright Tremaine LLP
1633 Broadway
New York, N.Y. 10019

Kevin T. Baine
Counsel for ABC News
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D. C. 20005-5901

Slade R. Metcalf
Counsel for the New York Post
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

MONTGOMERY BLAIR SIBLEY
Attorney for Claimant
Center for Forfeiture Law
50 West Montgomery Avenue, Suite B-4
Rockville, MD 20850-4216
Voice/Fax:    (202) 478-0371
E-mail:    mbsibley@civilforfeiture.com

By: _____
Montgomery Blair Sibley
S.D.N.Y. Bar #: ms3147.

**EXHIBIT 10**

LAW OFFICES

# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

KEVIN T. BAINE
(202) 434-5010
FAX (202) 434-5018
kbaine@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 24, 2007

## BY FAX AND FIRST-CLASS MAIL

Montgomery Blair Sibley
Center for Forfeiture Law
50 West Montgomery Ave, Suite B-4
Rockville, MD  20850-4216
Fax:  (202) 478-0371

Re:    *United States v. 803 Capitol Street, Vallejo, CA 94590, et al.*, No. 1:06-
CV-01710-GK (Subpoena to American Broadcasting Companies, Inc.)

Dear Mr. Sibley:

As you know, this firm represents ABC News and American Broadcasting
Companies, Inc. ("ABC").  I write concerning a subpoena served upon ABC in the above-
referenced matter on or around October 12, 2007, seeking documents reflecting the home
address of Brian Ross, an ABC reporter.  As we have discussed, the purpose of seeking Mr.
Ross's home address from ABC is to allow you to serve a subpoena upon Mr. Ross for a
deposition in the above matter.

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), ABC objects to your subpoena and
document demand on the following grounds:

First, as you and I discussed, there is a motion pending before Judge Kessler to
stay civil discovery pending the outcome of the related criminal case, *United States v. Deborah
Palfrey*, No. 1:07-Cr-00046-GK.  I have asked you to withdraw your subpoena until such time as
Judge Kessler has had an opportunity to rule on that motion.  I have also offered to accept
service of a subpoena to Brian Ross (thus mooting your need for his home address) in the event
that civil discovery is allowed to go forward.  You refused that offer and insisted on the right to
pursue Mr. Ross's deposition before Judge Kessler has ruled on the pending stay motion.

Second, as you and I also discussed, regardless of whether Judge Kessler
ultimately determines that *some* civil discovery can go forward, she has already ruled that you
are not entitled to the particular information you are seeking from Mr. Ross.  You have stated
publicly that your subpoena is intended to further a "political prosecution" theory of defense, and

Montgomery Blair Sibley
October 24, 2007
Page 2

that you intend to ask Mr. Ross whether he was subjected to political pressure not to reveal the names of individuals who patronized Ms. Palfrey's former business. *See* Carol D. Leonnig, "Alleged D.C. Madam Wants to Subpoena Reporter, Senator," *The Washington Post* (Sept. 12, 2007). After you served your subpoena upon ABC, however, Judge Kessler ruled that the political prosecution theory was not a cognizable defense, and that you are not entitled to depose Mr. Ross or any of five other witnesses in support of that theory. *See* Memorandum Opinion and Order, *United States v. Palfrey*, No. 1:07-CR-00046-GK (Oct. 18, 2007) (Docket # 136 & 137). I have asked you to withdraw your subpoena in view of that ruling, but you have refused.

        For both those reasons, ABC objects to your demand for documents reflecting Mr. Ross's home address, on the ground that the request is unreasonably invasive of Mr. Ross's privacy and not reasonably calculated to lead to the discovery of admissible evidence. It is pointless to discover Mr. Ross's home address for the purpose of serving him with a subpoena, because we have offered to accept service of a subpoena to him if you are allowed to pursue discovery. It is inefficient and inappropriate for you to attempt to rush to secure Mr. Ross's deposition before the Court rules on the pending motion to stay all discovery, particularly in light of the fact that Judge Kessler indicated on October 22 that she was aware of that motion and would rule on it in due course. And it is inconceivable that Mr. Ross would ultimately have any testimony that would lead to the discovery of admissible evidence in any event, given the Court's prior ruling rejecting your political prosecution defense.

        Finally, inasmuch as you have indicated that you intend to inquire into ABC's newsgathering and editorial processes, and its reasons for not broadcasting the identities of Ms. Palfrey's former clients, the subpoena to Mr. Ross would intrude upon the reporter's privilege and other rights protected by the First Amendment and federal common law.

        Please feel free to contact me if you wish to discuss our position further.

                    Sincerely,

                    Kevin T. Baine

cc: William R. Cowden, Esq.

# EXHIBIT 11

# CENTER FOR FORFEITURE LAW

1629 K Street, Suite 300
Washington, D.C. 20006

**MONTGOMERY BLAIR SIBLEY**
202-508-3699
202-478-0371 (E-FAX)
SIBLEY@CIVILFORFEITURE.COM

**ADMITTED TO PRACTICE:**
FLORIDA
NEW YORK
DISTRICT OF COLUMBIA

November 6, 2007

Via Fax 212-918-3100 &
Email: srmetcalf@hhlaw.com
Slade R. Metcalf
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

Via Fax 202-434-5018 &
Email: kbaine@wc.com
Kevin T. Baine/Carl Metz
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, D. C. 20005-5901

Via Fax 212-489-8340 &
Email: lizmcnamara@dwt.com
Elizabeth A. McNamara
Davis Wright Tremaine LLP
1633 Broadway
New York, N.Y. 10019

Re:     *United States vs. 803 Capitol Street, et al.*
D.C. District Court, Case #1:06-cv-01710-RMC

Greetings:

I have reviewed Carl's email and case citations and the recently entered order staying discovery in the above matter. As a result, I will be withdrawing my motion for contempt which I had filed in the SD of New York. You will see a copy of the notice of withdrawal as soon as I get the case number and can file it.

However, this does not end the matter and if and when the stay is lifted, I will be pursing a motion to compel.

Please let me know if you have any questions or concerns.

Yours,